**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GIGI MARCOTTE, | ) |
|       Plaintiff | ) ) ) |
| v. | ) **Case No.:** ) |
| ASSOCIATED CREDIT SERVICES, INC., | ) **COMPLAINT AND DEMAND FOR** ) **JURY TRIAL** |
|       Defendant | ) ) **(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

GIGI MARCOTTE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ASSOCIATED CREDIT SERVICES, INC. ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in New Bedford, Massachusetts.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company that with its headquarters located at 105B South Street, Hopkinton, MA 01748.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

10. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or

abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

13. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

14. At all relevant times, Defendant was attempting to collect a consumer debt from Plaintiff alleged to be owed to NSTAR ELECTRIC ("NSTAR") for a home

electric bill.

15. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

16. On July 25, 2011, Defendant sent correspondence to Plaintiff demanding payment of the alleged debt. See Exhibit A, Defendant's July 25, 2011 letter.

17. The letter stated in bold, "**FINAL DEMAND FOR PAYMENT.**" See Exhibit "A".

18. The letter further states that "Unless your payment is received in this office within the next 30 working days, we will be forced to return your account to our client in order that they may determine whether or not to proceed with further collection activity." See Exhibit "A".

19. Prior to the receipt of this letter, Plaintiff had worked out a payment plan for this same debt with NSTAR, her electric company.

20. Plaintiff's plan with NSTAR required her to pay $50 per month.

21. Plaintiff was in compliance with the plan agreed to with NSTAR, and had made her previous month's payment when she received Defendant's correspondence.

22. Plaintiff alerted Defendant that she was making payments to NSTAR directly pursuant to an arrangement, to which Defendant stated that such payments would not be received by NSTAR, which was confusing to Plaintiff as none of the money orders sent to NSTAR were returned to her.

23. Upon information and belief, Defendant sent its "FINAL DEMAND FOR PAYMENT" in an attempt to scare, harass, or deceive Plaintiff into making full payment of the debt when she was already making monthly payments to another company.

24. Upon information and belief, Defendant was attempting to collect a debt

without verifying the amount and the status of the debt.

25. Defendant acted as described herein with the intent to harass, deceive and upset Plaintiff.

## CONSTRUCTION OF APPLICABLE LAW

26. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

27. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

28. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be

obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  Clomon, 988 F. 2d at 1318

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

29.   In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated of the FDCPA generally;

   b. Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

   c. Defendant violated § 1692e of the FDCPA, when it made false, deceptive or misleading representations to Plaintiff in connection with attempting to collect a debt;

   d. Defendant violated § 1692e(2)(A) of the FDCPA when it falsely represented the character, amount or legal status of the debt;

   e. Defendant violated § 1692e(10) of the FDCPA when it used false representations or deceptive means in connection with attempting to collect a debt;

   f. Defendant violated § 1692f of the FDCPA when it used unfair or unconscionable means in and attempt to collect a debt;

   g. Defendant violated § 1692f(1) of the FDCPA when it attempted to

    collect an amount that was not expressly authorized by the agreement creating the debt; and

 h. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, GIGI MARCOTTE, respectfully prays for a judgment as follows:

 a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

 b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

 c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

 d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GIGI MARCOTTE, demands a jury trial in this case.

          RESPECTFULLY SUBMITTED,

        By: /s/ Craig Thor Kimmel
         Craig Thor Kimmel
         Attorney ID # 662924
         Kimmel & Silverman, P.C.
         30 E. Butler Pike
         Ambler, PA 19002
         Phone: (215) 540-8888
         Fax: (877) 778-2864
         Email: kimmel@creditlaw.com